## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JORDAN ROSENBLATT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | JURY TRIAL DEMANDED |
| AIMMUNE THERAPEUTICS, INC., GREG BEHAR, JAYSON DALLAS, PATRICK ENRIGHT, KATE FALBERG, BRETT HAUMANN, MARK IWICKI, MARK MCDADE, STACEY D. SELTZER, SOCIÉTÉS DES PRODUITS NESTLÉ S.A., and SPN MERGERSUB, INC., | ) ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on August 31, 2020 (the "Proposed Transaction"), pursuant to which Aimmune Therapeutics, Inc. ("Aimmune" or the "Company") will be acquired by Sociétés des Produits Nestlé S.A. ("Parent") and SPN MergerSub Inc. ("Merger Sub," and together with Parent, "Nestlé").

2.      On August 29, 2020, Aimmune's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Nestlé.  Pursuant to the terms of the Merger Agreement, Merger Sub commenced a tender offer (the "Tender Offer") to purchase all of Aimmune's outstanding common

stock for $34.50 in cash per share.  The Tender Offer is set to expire on October 9, 2020.

3.      On September 14, 2020, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Aimmune common stock.

2

9.     Defendant Aimmune is a Delaware corporation and maintains its principal executive offices at 8000 Marina Boulevard, Suite 300, Brisbane, California 94005.  Aimmune's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "AIMT."

10.     Defendant Greg Behar ("Behar") is a director of the Company.  Behar is also Chief Executive Officer of Nestlé Health Sciences.

11.     Defendant Jayson Dallas is Chief Executive Officer, President, and a director of the Company.

12.     Defendant Patrick Enright is a director of the Company.

13.     Defendant Kate Falberg is a director of the Company.

14.     Defendant Brett Haumann is a director of the Company.

15.     Defendant Mark Iwicki is a director of the Company.

16.     Defendant Mark McDade is Chairman of the Board of the Company.

17.     Defendant Stacey D. Seltzer is a director of the Company.

18.     The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19.     Defendant Parent is a *société anonyme* organized under the laws of Switzerland and a party to the Merger Agreement.

20.     Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Aimmune (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22.     This action is properly maintainable as a class action.

23.     The Class is so numerous that joinder of all members is impracticable.  As of August 27, 2020, there were approximately 65,450,142 shares of Aimmune common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

28.     Aimmune is a biopharmaceutical company that develops and commercializes treatments for potentially life-threatening food allergies.

29.     The Company's Characterized Oral Desensitization ImmunoTherapy (CODIT™) approach is intended to provide meaningful levels of protection against allergic reactions resulting from accidental exposure to food allergens by desensitizing patients with defined, precise amounts of key allergens.

30.     The Company has one FDA-approved medicine for peanut allergy and other investigational therapies in development to treat other food allergies.

31.     On August 29, 2020, Aimmune's Board caused the Company to enter into the Merger Agreement with Nestlé.

32.     Pursuant to the terms of the Merger Agreement, Merger Sub commenced the Tender Offer to acquire all of Aimmune's outstanding common stock for $34.50 in cash per share.

33.     According to the press release announcing the Proposed Transaction:

Aimmune Therapeutics Inc. (Nasdaq: AIMT), a biopharmaceutical company developing and commercializing treatments for potentially life-threatening food allergies, today announced that it has entered into a definitive agreement for Sociétés des Produits Nestlé, S.A. to acquire Aimmune for $34.50 per share in an all-cash transaction, implying a fully-diluted equity value of $2.6 billion. Sociétés des Produits Nestlé, S.A. is a part of Nestlé Health Science (NHSc) and a wholly owned subsidiary of Nestlé S.A. The agreement was unanimously approved by all of the independent members of the Board of Directors of Aimmune. Greg Behar, CEO of Nestlé Health Sciences and an Aimmune Director, abstained due to his position with Nestlé Health Science. . . .

The transaction is expected to close in the fourth quarter of 2020, pending the satisfaction of all conditions to the completion of the tender offer. Until that time, Aimmune will continue to operate as a separate and independent company.

Aimmune's financial advisors are J.P. Morgan Securities LLC and Lazard.

Latham & Watkins LLP is acting as legal counsel for Aimmune.

Transaction Details

Under the terms of the merger agreement, Nestlé S.A.'s wholly-owned subsidiary, Société des Produits Nestlé S.A. (SPN), will commence a cash tender offer to acquire all outstanding shares of Aimmune common stock that are not already owned by NHSc for $34.50 per share in cash, and Aimmune agreed to file a recommendation statement containing the unanimous recommendation of the independent members of the Aimmune board that Aimmune stockholders tender their shares to SPN. Following the completion of the tender offer, Nestlé expects to promptly consummate a merger of Aimmune with a subsidiary of SPN, in which shares of Aimmune that have not been tendered in the tender offer will be acquired by SPN and converted into the right to receive the same cash price per share as paid in the tender offer.

The closing of the tender offer is subject to customary closing conditions, including the tender of a majority of outstanding Aimmune shares on a fully diluted basis which shall include the shares of Aimmune common stock currently held by Nestlé and its affiliates and the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act and antitrust approvals in Germany. The merger agreement includes customary termination provisions for both Aimmune and Nestlé.

***The Solicitation Statement Omits Material Information, Rendering It False and Misleading***

34.     Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

35.     As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

36.     The Solicitation Statement fails to disclose the timing and nature of the "investment banking services [Lazard Frères & Co. LLC ("Lazard") provided] to L'Oréal S.A. or its subsidiaries, which are affiliates of Parent, for which Lazard has received and may receive compensation," as well as the amount of compensation Lazard has received or will receive for providing such services.

37.    The Solicitation Statement fails to disclose whether Lazard has provided past services to the Company or Parent, as well as the timing and nature of such services and the amount of compensation received by Lazard for providing such services.

38.    The Solicitation Statement fails to disclose whether J.P. Morgan Securities LLC ("JPM") has provided past services to the Company, as well as the timing and nature of such services and the amount of compensation received by JPM for providing such services.

39.    The Solicitation Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications.

40.    With respect to the Company's financial projections, the Solicitation Statement fails to disclose: (i) all line items used to calculate EBIT; (ii) all line items used to calculate unlevered free cash flow; (iii) a reconciliation of all non-GAAP to GAAP metrics; (iv) management's "various assumptions" underlying the financial projections and the effect such assumptions had on the projections; and (v) the unadjusted financial projections.

41.    The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: The Solicitation or Recommendation.

42.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

43.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44.    Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

45.     Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

46.     The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

47.     The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

48.     By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

49.     The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

50.     Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

51.     By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

52.     Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

53.    Plaintiff and the Class have no adequate remedy at law.

## COUNT II

### (Claim for Violation of 14(d) of the 1934 Act Against Defendants)

54.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55.    Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

56.    Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

57.    The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

58.    Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

59.    The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the

expiration of the tender offer.

60.    Plaintiff and the Class have no adequate remedy at law.

## COUNT III

### (Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants and Nestlé)

61.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

62.    The Individual Defendants and Nestlé acted as controlling persons of Aimmune within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as directors of Aimmune and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

63.    Each of the Individual Defendants and Nestlé was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

64.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly connected with and involved in the making of the Solicitation Statement.

65.     Nestlé also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

66.     By virtue of the foregoing, the Individual Defendants and Nestlé violated Section 20(a) of the 1934 Act.

67.     As set forth above, the Individual Defendants and Nestlé had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

68.     As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

69.     Plaintiff and the Class have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and relief as follows:

A.      Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: September 24, 2020

**RIGRODSKY & LONG, P.A.**

By:    */s/ Gina M. Serra*

Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)

**OF COUNSEL:**                          300 Delaware Avenue, Suite 210
Wilmington, DE 19801
**RM LAW, P.C.**                          Telephone: (302) 295-5310
Richard A. Maniskas                       Facsimile: (302) 654-7530
1055 Westlakes Drive, Suite 300           Email: sdr@rl-legal.com
Berwyn, PA 19312                          Email: bdl@rl-legal.com
Telephone: (484) 324-6800                 Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com                    *Attorneys for Plaintiff*